

**Signed and Filed: January 08, 2008**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DEMAS WAI YAN, aka DENNIS YAN,<br><br>Debtor. | Case No. 04-33526 TEC 7<br><br>Chapter 7 |
| DEMAS WAI YAN, aka DENNIS YAN,<br><br>Plaintiff,<br><br>vs.<br><br>LI MING LEI, aka CRYSTAL LEI, and<br>DONG XING FU, aka TONY FU,<br><br>Defendants. | Adv. Proc. No. 07-3082 TC<br><br><br><br>Date: November 2, 2007<br>Time: 9:30 a.m.<br>Ctrm: Hon. Thomas E. Carlson<br>235 Pine Street<br>San Francisco, CA |

**MEMORANDUM RE TONY FU'S MOTION FOR SUMMARY JUDGMENT**

On November 2, 2007, the court held a hearing on Defendant Tony Fu's Motion for Summary Judgment. Joanne Lafreniere appeared for the chapter 7 trustee. Demas Wai Yan appeared <u>in pro per</u>. Tony Fu also appeared <u>in pro per</u>. Bartholomew Lee appeared for Crystal Lei.

MEMO RE TONY FU'S
MTN FOR SUMM. JUDG.                    -1-

Because the claims asserted by Yan against Fu in the above-captioned adversary proceeding are barred by the doctrine of claim preclusion, it is not necessary to address the merits of Fu's motion. The court will enter an order dismissing the adversary proceeding with prejudice as to Fu.

**FACTS**

In early December 2005, this court concluded a trial in consolidated adversary proceedings nos. 05-3236 and 05-3257 (collectively, the Prior Proceedings), in which Yan asserted claims against Fu regarding Yan and Fu's joint venture to develop 663 Chenery St., San Francisco, California. The assignee of Fu's interest in the joint venture, Wei Suen, asserted claims against Yan to recover proceeds from the joint venture. Crystal Lei was not a party to the Prior Proceedings.

On December 22, 2005, the court entered in the Prior Proceedings its decision after trial and a judgment (Judgment). The Judgment provides in part as follows:

> (2) Demas Yan is entitled to a determination that he has no enforceable obligation to Tony Fu or Wei Suen. He is entitled to no further relief against Stella Chen, Tony Fu or Wei Suen.
> (3) Wei Suen shall recover nothing on his complaint.

Judgment, at 2:9-11.

On July 2, 2007, Yan filed an action in San Francisco Superior Court against Fu and Lei, entitled <u>Yan vs. Lei et al.</u>, Case No. 07-464671 (State-Court Action).

In the State-Court Action, Yan asserts three claims arising out of the Chenery Street joint venture. Yan alleges that Fu fraudulently induced him: (1) to deposit $236,000 in a checking account for the purpose of developing 663 Chenery Street, and

(2) to execute a check in the amount of $1,000 for renovation and repair of 663 Chenery Street (collectively the Funds). Yan alleges that Fu used $173,000 of the Funds for his personal use; that on January 15, 2002, Lei used almost half of the Funds to purchase real property; and, that on October 12, 2002, Fu purchased a Toyota Truck with some of the Funds.

On July 26, 2007, the trustee removed the State-Court Action to bankruptcy court.

On August 2, 2007, Fu filed a motion for summary judgment.

On September 27, 2007, this court filed a tentative ruling stating that it was inclined not to resolve Fu's motion on the merits, because it appeared that the claims asserted in the State-Court Action were barred under the doctrine of claim preclusion.

At the hearing on Fu's motion for summary judgment, Yan argued that the claims in the State-Court Action are not barred because he was unaware of their existence at the time of trial in the Prior Proceedings.

**DISCUSSION**

Yan lacked standing to file the State-Court Action, because the claims asserted therein arose prepetition and can only be asserted in Yan's bankruptcy case by the chapter 7 trustee. 11 U.S.C. § 323; <u>Estate of Spirtos v. One San Bernardino County Sup. Court Case No. SPR 02211</u>, 443 F.3d 1172, 1175-76 (9th Cir. 2006).

Yan's claims against Fu are also barred by the doctrine of claim preclusion, which bars the relitigation of claims arising out of the same nucleus of operative facts as claims previously litigated. Restatement (Second) of Judgments § 24 cmt. b (1982).

> That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.

Id. cmt c; accord Kabes v. School Dist. of River Falls, 387 F.Supp. 2d 955, 967 (W.D. Wis. 2005). Because Yan's claims in the State-Court Action arise out of the same nucleus of operative facts as the claims resolved by the Judgment (i.e., the joint venture between Yan and Fu to develop 663 Chenery Street), they are barred. Id. Allowing Yan to bring a new lawsuit regarding 663 Chenery Street every time he discovers additional causes of action would undermine the finality of the Judgment. Id. The above-captioned adversary proceeding should be dismissed with prejudice as to Fu.

Because Lei was not a party to the Prior Proceedings, the *trustee* may assert the claims against Lei in the State-Court Action as a set-off to Lei's proof of claim.

**\*\*END OF MEMORANDUM\*\***

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | Dong Xing Fu |
| | aka Tony Fu |
| 3 | 5813 Geary Boulevard |
| | PMB 188 |
| 4 | San Francisco, CA 94121 |
| 5 | Li Ming Lei |
| | aka Crystal Lei |
| 6 | 337 28th Avenue |
| | San Francisco, CA 94121 |
| 7 | |
| | Demas Wai Yan |
| 8 | 1433 7th Avenue |
| | San Francisco, CA 94122 |
| 9 | |
| | Joanne M. LaFreniere, Esq. |
| 10 | Law Offices of Stromshiem and Associates |
| | 201 California Street, Suite 350 |
| 11 | San Francisco, CA 94111 |
| 12 | Bartholomew Lee, Esq. |
| | Spiegel Liao & Kagay, LLP |
| 13 | 338 Market St., Ste 900 |
| | San Francisco, CA 94111 |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |